## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO. 16 B 09591 |
| Lillie Sturkey | ) | Judge Hon. Schmetterer |
| | ) | CHAPTER 13 |
| | ) | |
| Lillie Sturkey | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ADV. NO. 16 AP 00542 |
| | ) | |
| Citifinancial | ) | |
| | ) | |
| Defendant. | ) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A.    The Parties**

1.    The Plaintiff is Lillie Sturkey ("Plaintiff").

2.    The Creditor is Citifinancial ("Creditor").

**B.    Factual Background**

1.    On or about March 21, 2016, Plaintiff filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2.    Plaintiff owns the real estate commonly known as 15304 Grant Street, Dolton, IL 60419.

3.    Wells Fargo Bank, NA holds a first mortgage lien on the real property commonly known as 15304 Grant Street, Dolton, IL 60419, with a secured claim of $106,815.86 pursuant to the proof of claim filed on July 18, 2016.

4.       The Creditor holds a second mortgage lien on the real property known as 15304 Grant Street, Dolton, IL 60419 in the approximate amount of $31,818.00 pursuant to Plaintiff's credit report.

5.       On March 9, 2016, Plaintiff's attorney obtained property comparables which show the value of the property located at 15304 Grant Street, Dolton, IL 60419 to be $52,633.33.

6.       The Modified Chapter 13 Plan filed on April 19, 2016, provides that the Plaintiff will make monthly payments to the Chapter 13 Trustee in the amount of $450.00 per month for 36 months.

7.       Under the Chapter 13 Plan, general unsecured creditors will be paid 10.00% of their allowed claims.

8.       On August 26, 2016, Plaintiff filed an adversary complaint pursuant to 11 U.S.C. § 506(a) and Bankruptcy Rule 3012 to determine the validity of Creditor's lien on Plaintiff's property located at 15304 Grant Street, Dolton, IL 60419.

9.       That on August 26, 2016, a copy of the summons and complaint were served in accordance with Rule 7004 of the Federal Rules of the Bankruptcy Procedure by Certified Mail, postage prepaid to Gregory Lechner, member manager of Citifinancial, 300 St. Paul Place, Baltimore, MD 21202 and CT Corporation System, registered agent of Citifinancial, 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

10.       To date, no responsive pleading has been filed.

11.       No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.

12.        No evidence has been presented to challenge the property value of $52,633.33.

13.        The first secured claim of Wells Fargo Bank, NA in the amount of $106,815.86 exhausts the value and equity in Plaintiff's residence.

14.        There is no value and equity to support the claim of the Creditor.

## CONCLUSIONS OF LAW

**A.    Jurisdiction**

1.    This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K).  This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

2.    Venue is proper in this district pursuant to 28 U.S.C. § 1409.

**B.    Argument**

3.    This action was initiated under 11 U.S.C. § 506(a) and F. R. Bankr. P. 3012.

4.    The Plaintiff scheduled the first secured lien on the property located at 15304 Grant Street, Dolton, IL 60419 in the amount of $106,815.86, and the second secured lien in the amount of $31,818.00.

5.    That the value of Plaintiff's residence is $52,633.33.

6.    To the extent that a lien secures a claim against the Plaintiff that is not an allowed secured claim, such lien is void…" *11 U.S.C. § 506(d).* If a Debtor's chapter 13 case is dismissed then any lien voided under § 506(d) is reinstated. *11 U.S.C. §349(b)(1)(C).*  Although the Seventh Circuit has not yet considered the issue, the vast majority of circuits hold a wholly unsecured junior mortgage is subject to strip off pursuant to 11 U.S.C. §506(d), notwithstanding the anti-modification protection afforded holders of

home mortgages in 11 U.S.C. §1322(b)(2) as implied by Nobelman v. American Savings Bank, 508 U.S. 324 (1993).  See Pond v. Farm Specialist Realty (In re Pond), 252 F.3d 122 (2nd Cir. 2001); McDonald v. Master Fin., Inc. (In re McDonald), 205 F.3d 606 (3rd Cir. 2000); In re Bartee, 212 F.3d 277 (5th Cir. 2000); In re Lane, 280 F.3d 663 (6th Cir. 2002); Zimmer v. PSB Lending Corp., 313 F.3d 1220 (9th Cir. 2002); and In re Tanner, 217 F.3d 1357 (11th Cir. 2000).

Enter:

_____
United States Bankruptcy Judge

Dated: OCT 2 7 2016

The Semrad Law Firm, LLC
Attorney for Plaintiff
20 South Clark, 28th Floor
Chicago, IL 60603
(312) 913-0625